IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLES TURNER, #31933**                                                             **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO: 4:09-CV-102 -LRA**

**WARDEN D. CASKEY**                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by Defendant Warden Dale Caskey,[1] requesting that the Complaint filed against him by Charles Turner, Plaintiff, be dismissed with prejudice. The Court has considered the pleadings, Turner's sworn testimony given at the omnibus hearing,[2] and the applicable law. This review compels the Court to find that Defendant is entitled to a judgment at law, as there are no genuine issues of material fact. The Motion for Summary Judgment shall be granted.

## FACTS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Turner's sworn testimony at the omnibus hearing, in conjunction with the written evidence submitted by Defendant,[3] reveal the following relevant facts. Turner is incarcerated as a convicted felon in the custody of the Mississippi Department of Corrections ["MDOC"] at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi. His Complaint is quoted as follows:

> G.E.O. E.M.C.F. security officer using cruel and unusual
> punishment against me.  By putting my life in danger by

---

[1]ECF No. 20, filed April 24, 2012. Warden Caskey is the retired Senior Warden of the East Mississippi Correctional Facility ["EMCF"].

[2]ECF No. 20-1, Transcript of omnibus hearing conducted 4/12/2010, Exhibit 1.

[3]Defendant's Exhibit 2 to the motion is the Affidavit of Warden Dale Caskey, dated April 24, 2012, ECF No. 20-2.

> making me stay at G.E.O. E.M.C.F. in the cell with other mental inmate[s] that threatening me. Using deliberate indifference standard against me. When I have ask the Warden D. Caskey to transfer me to another prison. But they would not protect me by the law.
> . . .

ECF No. 1.

Turner explained his allegations under oath at the omnibus hearing. He charged that Defendant Warden Caskey failed to protect him from attacks by other inmates. He is housed with mentally ill inmates who are dangerous, and he wishes to be transferred to a facility near his family in Greene County. Plaintiff testified that he has not talked to Defendant Caskey personally. He has written Caskey and asked to be moved from EMCF.

According to Plaintiff, he was lying in his bed when another inmate came in with a padlock and hit him in the head with it. Turner could not identify the inmate but described him as a "little old short guy." ECF No. 20-1, p. 5. The guy told Turner that he had been instructed to beat him up by a woman officer. Turner could not identify the officer and never saw her. He was taken to Rush Hospital and treated; the wound required 19 stitches. Turner had no prior problems with this inmate and had no idea that he would be attacked by him.

While in Housing unit 4, he was jumped on again by an inmate who threatened to stab him with a shank. He was not injured, however. According to Turner, he fears for his safety and wants to be transferred to Greene County, near his home. Turner explained that Defendant Caskey did nothing wrong other than not letting him be transferred. When asked by this Court why he wanted to be moved, he testified that Greene County was "where [his] home is." ECF No. 20-1, p. 9.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

## LEGAL ANALYSIS

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer*, 511 U.S. at 837). Whether a prison official had the

3

requisite knowledge of a substantial risk is a question of fact. *Neals*, 59 F.3d at 533. Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty v. Brown*, 530 U.S. 397, 410 (1997).

Defendant Caskey has submitted an Affidavit which has not been rebutted by Turner. ECF No. 20-2, Exhibit "2" to Motion to Dismiss. According to Caskey, he was the senior Warden of the EMCF and had overall supervisory responsibility for its operation, including the approval of its written policies. He had an extensive staff to assist in the day-to-day operation of the prison. Defendant Caskey affirms that he did not directly supervise inmate Turner, or any inmates, as he had security staffing with several supervisory levels between his position as warden and the correctional officers who worked directly with the inmates on a daily basis.

Defendant Caskey does recall that Turner was involved in an incident with another inmate which resulted in Turner being treated for a cut above his eye. Prior to that attack, Defendant Caskey affirms that he had no knowledge that another inmate planned to attack Turner. At no time prior to the incident did Turner, or anyone else, tell Defendant Caskey that Turner needed or wanted protection from another inmate. Further, Caskey is not aware of any evidence that indicates any staff member knew or had reason to know that another inmate wished to harm Turner.

Plaintiff's testimony at the omnibus hearing did not conflict with Defendant Caskey's except that Plaintiff testified that he had written Defendant letters requesting to be moved to Greene County. Defendant does not deny or admit whether he received such letters. Accordingly, the assertions in Defendant's affidavit remain largely unrebutted.

As stated, Turner has a constitutional right to be safe while in MDOC custody, and prison officials have a duty under the Eighth Amendment to protect him from violence

from other inmates.  *Farmer*, 511 U.S. at 833.  However, "[n]ot every injury by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  To state a constitutional case against Caskey, Turner must plead or articulate enough specific facts, not conclusory allegations,[4] to show that Caskey was aware that Turner faced a "substantial risk of serious harm" from the unnamed inmate or guard.  He has failed to do so.

A prison obviously houses many violent offenders; being housed with offenders who have mental illnesses does not automatically mean that the ill prisoners are more violent.[5]  Warden Caskey was not responsible for the MDOC's housing decision regarding Turner.  No liability could be found unless he was aware of a specific risk of serious danger to Turner and he failed to intervene.  He was not personally responsible for the decision to house Turner with the unknown inmate in the first place.

Turner has failed to assert facts which would establish  "deliberate indifference" to his safety on the part of Caskey.  "Deliberate indifference" is a question of fact, and may be proved from circumstantial evidence."  *Newton*, 133 F.3d at 308.  However, Caskey must have been aware of facts from which the inference could be drawn that a substantial risk of harm to Turner existed, and he must also have actually drawn the inference.  Turner admits he did not fear this inmate, or know that he was going to be attacked by him.  He admits that he never personally told Defendant that he feared other inmates.  He simply alleges that he wrote Defendant requesting to be moved near his home, to Greene

---

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc) (§1983 plaintiff must plead specific facts, not "conclusory allegations").

[5]As the Court noted in *Newton*, 133 F.3d at 307, Parchman is "a dangerous place," with 80% of its 6,000 inmates being "violent offenders."  The Court still found that an officer was not aware that "a substantial risk" of harm existed simply because a prisoner reported a threat by another inmate and asked to be moved; threats are part of the penitentiary's daily fare.  A similar analysis could be applied to EMCF.

County. Turner's own testimony establishes that Caskey was not aware of facts which might have made him realize that Turner was in danger.

The Court concludes that there are no genuine issues of material fact in analyzing the claims against Caskey, and Caskey is entitled to a judgment at law. Turner's contention that the attack occurred because Caskey failed to move him is at most a claim of negligence, and negligence cannot form the basis of a § 1983 claim. *Daniel v. Williams*, 474 U.S. 327 (1986) (negligent acts of official do not amount to deprivation of due process).

"A supervisory official is *not* liable for the actions of subordinates on a theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 187, 292 (5th Cir. 2005). *See also Ashcroft v. IQBAL*, 129 S.Ct. 1937, 1948 (2009) citing *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978) (Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory; term "supervisory liability" a "misnomer"). Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents. *Id.* at 1948-49. Absent vicarious liability, each Government official is liable for his or her own misconduct. *Id.*

Fifth Circuit precedent requires either **personal involvement by an individual Defendant** in the alleged violation, or the **enforcement of some policy or practice resulting in the constitutional deprivation.** *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added). If no personal involvement exists, then a causal link between their actions and the alleged constitutional deprivation must be shown. *Roberts,* 397 F.3d at 292.

Turner's claim against Caskey is not based on his personal involvement in the incident; Turner did not notify Caskey personally that he feared for his safety. Caskey

6

was not responsible for a "policy" or "custom" which caused Turner's injury.  Turner's allegations are insufficient to establish supervisory liability against Caskey based on a failure to train or a failure to supervise theory of liability.

## **CONCLUSION**

The Court finds that there are no genuine issues as to any material fact in this case regarding Turner's claims that Defendant Caskey is liable to him for the injuries he sustained in the attack by the unidentified prisoner, at the direction of an unidentified EMCF officer.  Accordingly, Defendant is entitled to a judgment at law, and his Motion for Summary Judgment [ECF No. 20] is hereby granted.   Judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure is hereby entered in favor of Defendant Caskey; Final Judgment shall be entered on this date.

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice.

SO ORDERED, this the 17th day of July, 2012.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE